## APPEALS.         433

### *W. J. GORDON v. WILLIAM WALTON, Assignee.

ACTION TO ENFORCE THE ALLOWANCE OF A CLAIM.

A suit to compel an assignee of an insolvent person to allow a claim is appealable.

Action by plaintiff to enforce the allowance of a claim against the Cleveland Non-Explosive Lamp Company, by Walton, assignee in insolvency of the company.

Motion to dismiss appeal.

Held: Case properly appealable.

J. E. Ingersoll, for plaintiff in error.

John G. White, for defendant in error.

---

### INTOXICATING LIQUORS.       433

[Clark Circuit Court, December Term, 1888.]

Stewart, Shauck and Shearer, JJ.

### EDW. W. SIMPSON v. ORLANDO F. SERVISS, AUDITOR, ET AL.

1. LIEN FROM DOW LAW TAXES.

The lien for the assessments and penalties prescribed by the act entitled "An act providing against the evils resulting from the traffic in intoxicating liquors," passed May 14, 1886 (83 Ohio L., 157), attaches to the real property on and in which the business of such traffic is conducted by a lessee, although the lease forbids sales on the premises, and the same is so conducted without the knowledge or consent of the lessor or owner of the premises, and in violation of the conditions of the lease, and this lien includes also an increased assessment from enlarging the business by sales other than that for which the license was issued.

2. SINGLE SALE CALLS FOR THE INCREASED TAX.

Where a person, having made return that his business is confined exclusively to malt or vinous liquors, or both, thereafter, during the assessment year, makes a single sale of any other intoxicating liquors, the assessment upon his business is thereby increased as provided by section five of said act.

3. INCREASED ASSESSMENT SUBJECT TO REFUNDER.

Such additional or increase assessment becomes by force of said act a part of the original assessment, and is due in ten days after the same is placed upon the duplicate; and is subject to penalty and refunder in like manner as is provided for original assessments, but such penalty is not the subject of refunder.

ERROR to the Court of Common Pleas of Clark county.

SHEARER, J.

The question presented by this record is whether the court below erred in sustaining the demurrer to the petition.

---

* This case was cited by the superior court in Root v. Meader, 2 Ohio Dec., 547. See decisions of circuit court in Kennedy v. Thompson *post*, 254. and in Smock v. Brouse, 5 Ohio Circ. Dec., 294.